NEWSOME v. WILLIAMS, Adm'rx.

EJECTMENT— *When will not lie for possession.*—Lands were sold and bond given to make title upon the payment of certain notes executed for the purchase money. The vendor brought ejectment for the possession of the lands; the vendee pleaded a tender and demand of deed before suit brought; on demurrer to the plea, *Held :* That the plea was sufficient to defeat the action of ejectment.

APPEAL FROM CROSS CIRCUIT COURT.

HON. J. M. HANKS, *Circuit Judge.*

*U. M. Rose,* for Appellant.

*First.* The plea was bad because the defendant did not offer to bring the money into court. *See* 2 *Greenleaf Ev.*, 600; 3 *Chitty Pl.*, 955–6; *Slack vs. Price,* 1 *Bibb.*, 272; *Eddy vs. O'Hara,* 14 *Wend.*, 221; *Booth vs. Conneggs, Minor's R.* 201. The money should have been brought into court, and notice of that fact given at the time of serving the plea. *Sheridan vs. Smith,* 2 *Hill* (*N. Y.*) 538; *Earle vs. Earle,* 1 *Harr.*, 273. Unless brought into court when pleaded, the tender is of no avail. *Jarboe vs. McAtee,* 7 *B. Monroe,* 279; *Knox vs. Light,* 12 *Ill.,* 86; *Clark vs. Mullenix,* 11 *Ind.,* 352; *Cullen vs. Green,* 5 *Harrington* (*Del.*) 17; *Mason vs. Groom,* 24 *Geo.,* 211.

*Second:* If the plaintiff has the legal title—and clearly he had, according to the statement of the plea—the defendant cannot set up an equitable title in bar. *Jackson vs. Pierce,* 2 *Johnson's R.,* 221; *Jackson vs. Deys,* 3 *Id.,* 442; *Jackson vs. Van Slyck,* 8 *Id.,* 487; *Sinclair vs. Jackson,* 8 *Cow.,* 543; *Spencer vs. Mackel,* 2 *Ham.,* 263; *Heath vs. Knapp,* 1 *Penn. S. R.,* 482; *Cawser vs. Driver,* 13 *Ala.,* 838; *Dixon vs. Porter,* 23 *Miss.* (1 *Cush.*), 84.

*Adams & Dixon,* for Appellee.

The plaintiff, to recover in ejectment, must not only have title, but the right to immediate possession. *Wilson vs. Jobes,* 11 *Gill & Johnson,* 351.

The plaintiff must have also the right of action at the time of the final judgment. If, therefore, the action be founded on a mortgage, and the defendant, at any time before final judgment, tender to the plaintiff the amount due upon the debt, secured by the mortgage, and the cost in the action of ejectment, the plaintiff's right of action is taken away, and he can no longer obtain judgment in his favor in the action of ejectment. *McDaniel vs. Reed,* 17 *Vermont,* 674; *Beach vs. Beach,* 20 *Vermont* (3 *Washb.*), 83; *Cherry vs. Cherry,* 26 *Vermont* (3 *Dean*), 696.

The right of *entry* should exist at the time of the commencement of the action. *Brown vs. Kelly.* 18 *Barb.,* 484; *Champlain and Lawrence R. R. Co. vs. Valentine,* 19 *Barb.,* 484.

A vendee, under title bond, to whom possession has been given, is as mortgagor in possession, and cannot be evicted by vendor if he pays, or offers to pay, upon vendor's complying with the contract. *See Smith vs. Robinson,* 13 *Ark.,* 534; *Harris vs. King,* 16 *Ark.,* 126; *Moore vs. Anders,* 14 *Ark.,* 633.

GREGG, J.—In 1861 Newsome sold to Anson Williams certain real estate in Cross county, and gave him a bond conditioned that he would make a good and clear title upon the payment of three several notes, executed for the purchase money.

In 1866 Newsome brought his action of ejectment against Anson Williams for possession of the lands. Williams appeared before the court and filed two pleas—one, not guilty; the other, reciting the sale to him, the title bond and its conditions; and averring that he had paid the first two notes and, that before the commencement of this suit, he had tendered to the plaintiff the full amount of the other note, and interest, and demanded of him a deed to the lands, according to the conditions of the bond, but that he failed and refused to execute such deed; and averred he was ready and willing to pay said sum, if plaintiff would make him a deed, and that no deed had ever been tendered to him, etc.

The plaintiff demurred this plea; the court overruled his demurrer; he rested, and the court rendered judgment for the defendant, and to reverse that judgment, the plaintiff sued out the writ of error in this cause.

The death of Anson Williams was suggested, and the cause remained on the docket until the present term, when it was revived and submitted in the name of Crella Williams, administratrix, etc.

The only question for our determination is, whether or not a tender of the money due, and the demand of a deed, before suit brought, was sufficient to defeat the plaintiff's action of ejectment.

In more instances than one, this court has declared that if, upon a sale of land, the vendor takes notes and gives a bond for title, he occupies a position, in legal effect, the same as if he had executed a deed of conveyance and then taken back a mortgage to secure the payment of the notes. *Smith vs. Robinson*, 13 *Ark.*, 534; *Harris vs. King*, 16 *Ark.*, 126; *Moore & Cail vs. Andrews*, 14 *Ark.*, 633. Taking this as settled law, we must treat the plaintiff as a mortgagee.

If the plaintiff was strictly a mortgagee, he could not procure title to the lands by ejectment; he could only possess himself of the lands, and convert the rents and profits towards the satisfaction of the debt. Had suit been brought with a view of depriving defendant of title to the lands, it should have been in chancery for a foreclosure and sale of the lands to satisfy the note. It then seems clear, if the object of the suit was not to defeat the defendant's title to the lands, or to have them sold, but merely to seize upon the rents and profits until the note was paid, it is a suit to recover payment of the note, and if so, a tender of the amount of the note, before suit brought, ought to bar the action. But it is averred this tender was made upon condition that plaintiff would make a good and clear title to the defendant for the lands in suit. The plaintiff here insists that this was no defense to his action at law; that if available at all, it was only so by the de-

fendant suffering judgment, and then resorting to a court of equity to interpose by injunction until the plaintiff would make and tender such deed. On the other hand, it is insisted that there were mutual covenants existing; that when the defendant was bound to pay the money, the plaintiff was at that same time bound to execute such deed, and that he had no right to charge the defendant with being in default until he performed his own covenant.

In the case of *Smith vs. Henry*, 7 *Ark.*, 213, which was an action on a note given on a verbal contract for real estate, this court said: "The land formed the consideration for which the writing obligatory was executed, and, therefore, the purchaser should not be compelled to part with his money without receiving a title. Smith has done more than was incumbent upon him to do; he tendered the money and demanded a conveyance, which was refused."

In *McDaniel vs. Reed et al.*, 17 *Ves.*, 680, the court said: "This action is ejectment; the tender is made upon this action, and never could be made upon it. This action of ejectment is founded upon a mortgage, and the mortgage is only an incident to the debt, and the right to recover depends upon the fact, whether at the time there is a right of action upon the debt. The tender, therefore, was upon the debt, and if a legal tender was made upon the debt, the right of action was thereby suspended. If the right of action was suspended upon the debt, *eo instanti*, it was suspended upon the mortgage."

It has been repeatedly decided that a vendor cannot maintain an action for the purchase money, without tendering a deed. *Bank of Columbia vs. Hanger*, 1 *Pet.*, 465; *Green vs. Reynolds*, *Johns.*, 207; *Hunt vs. Livermore*, 5 *Pick.*, 397; *Withers vs. Atkinson*, 1 *Watts*, 246; *Leonard vs. Bates*, 1 *Black.*, 172; 4 *Black.*, 342; 7 *Wend.*, 129.

If an action directly on the note for the purchase money cannot be maintained without an offer to convey, can an action seeking pay through rents and profits, which can be se-

cured by obtaining possession, occupy any more advantageous grounds? This is but a mode of enforcing payment, and when the payment of the purchase price is the object of a suit at law, we do no see that one mode of seeking payment, in such court, should be placed upon grounds of defense not tenable in any other.

Our court, in the case of *Daniel vs. Lefevre,* 19 *Ark.,* 201, says: "That the plaintiff must show that he had a legal estate in the premises at the commencement of the suit; *second,* that he had the right of entry; *third,* that the defendant or some one claiming under him were in possession," which was but an enunciation of well-established law; hence it is well settled that a legal title alone is not sufficient upon which to recover, but a right of possession must exist at the time of suing.

Mr. Greenleaf, in his work on evidence, *Vol.* 2, *Sec.* 330, says: "Payment of a mortgage debt is a good defense to an action, at law, brought by the mortgagee against the mortgagor to obtain possession of the mortgaged premises * * * * and where usury renders the security void, this may also be shown, in defense, against an action brought by the mortgagee upon the mortgage."

As shown above, it is well settled, in this State, that a vendor who sells and gives bond for title occupies the same legal relation to the vendee as one who conveys and takes a mortgage back, and it is, therefore, clear that any defense that would defeat an action of ejectment by a mortgagee against the mortgagor, will also defeat a vendor who has sold and given bond for title; and when payment of the mortgage debt will defeat the ejectment, a proper tender and refusal will have the like effect, and, as above stated, it has been long since settled by this court that, upon contracts to make titles to lands upon the payment of the purchase money, the covenants are dependant, and he, who would resort to the courts for redress, must first perform, or offer to perform his part of the agreement: *Livermore vs. Hunt, Supra*; *Jones vs. Gardner,*

10 *Johns.*, 268; *Hudson vs. Swift*, 20 *Johns.*, 26; *Withers vs. Barb*, 7 *Watts*, 227.

It follows, if the facts averred in the plea be true, that the plaintiff ought not to recover, and the court did not err in overruling his demurrer.

The judgment is affirmed.