## HOLMAN VS. PATTERSON'S HEIRS.

1. CHANCERY PLEADING: *Exhibits.*

While it is true that a fact affirmatively appearing in an exhibit would extend and supply defective allegations in a bill, the court will not look to the exhibit for the purpose of contradicting the bill.

2. — *Intendments on demurrer.*

Where an important statement is omitted in a bill, the court will, on demurrer, take it that the omission was purposely made.

3. LIS PENDENS.
A purchaser, *pendente lite*, is bound by the result of the suit.

4. VENDOR AND VENDEE: *Effect of a title bond, etc.*
The legal effect of a title bond is like a deed executed by the vendor and a mortgage back by the vendee. And the lien of the vendor affects all persons who purchase from the vendee.

5. VENDOR'S LIEN.
A vendor who executes a deed, reciting payment of the purchase money, has an equitable lien therefor as against the vendee and purchasers with notice.

6. — *Created by the transfer of a title bond.*
The interest of one who holds under a title bond is subject to sale and transfer; and an assignment of the bond has the same legal effect in creating an equitable lien for the purchase money in favor of the assignor of the bond as a sole and absolute conveyance would have.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*T. D. W. Yonley*, for appellant.
*Watkins & Rose, contra.*

WILLIAMS, Sp. J.    Holman, appellant, bought certain lots in the town of Pine Bluff, from William E. Woodruff, Sr., paid a portion of the purchase money, and for the balance, two notes of Holman were given, one due June 8, 1860, the other was due June 8, 1861.

Woodruff gave Holman his title bond, conditioned to make him a deed upon payment of the purchase money.    Holman made some improvements upon the lots, and on the 27th day of September, 1859, sold them to D. C. Hardeman, and assigned the title bond of Woodruff to him, and also his interest in the lots, and authorized him to receive a deed from Woodruff to the lots when he paid the two notes due from Holman — all of which was indorsed in writing on the bond — and took Hardeman's note for about five hundred dollars, balance of purchase

money due Holman himself. On the 7th day of March, 1860, Hardeman assigned the title bond to Caldwell Brewer. In September 1860 afterwards, Holman filed a bill in the Jefferson circuit court against Hardeman, Brewer and Woodruff, to foreclose a lien Holman claimed against the lots, for the sum for which Hardeman had given his note to Holman as the consideration, in addition to the payment of the notes to Woodruff for the transfer and assignment of the title bond. This bill claimed that Brewer bought of Hardeman, with full notice of Holman's rights, and assumed that Brewer still owed Hardeman a sufficient sum to pay Holman's lien debt. Process was issued on this bill, and returned *non est* as to Brewer; at the fall term of the Jefferson circuit court, 1860, an *alias* was ordered for him for the March term, 1861. This writ is marked by the clerk, "Returned and filed in April, 1861." The sheriff seems to have made no statement whatever on it; no further process appears in the transcript. Pending this suit, Brewer, on the 29th day of April, 1862, assigned the title bond to Edward W. Noonan. Neither the bond for title nor the assignment was ever recorded. On the 2d day of May, 1862, Noonan, holding Woodruff's bond so assigned, presented it to him, paid the purchase money due Woodruff, and Woodruff and wife executed to him a deed for the property.

Patterson, appellee, avers in his bill that on the 21st day of September, 1866, Edward W. Noonan and wife executed and delivered a deed to him of the lots. This deed is exhibited, and on the demurrer we will take the allegation of execution to be true; but exhibit " C " to Patterson's bill, if the fact of execution were controverted by an answer, would require some showing of power in the attorney in fact who executed it for Edward W. Noonan. Holman's bill, filed on the 29th of September, 1860, slept, as far as this record shows, until the 15th of June, 1866, when Hardeman, who had not been served,

entered his appearance and consented to a decree. The record exhibited with the bill states as follows : " And it appearing that the allegation of the complainant's bill had been taken for confessed, and· decree *pro confesso* had been entered up at the last term of this court against defendant, Caldwell Brewer." [Yet no such record entry is copied in the transcript exhibited.] The court then proceeds to render a decree against Hardeman and Brewer in favor of Holman, directing that the lots be sold, etc., at the fall term, 1868.

Appellee presented his bill to the Jefferson circuit court, setting forth the proceedings and decree in Holman's suit, to which it is averred Woodruff and Brewer were made parties, and a decree *pro confesso* was rendered against them, and that the note given by Hardeman to Holman for the. purchase money, which stipulated that the same should have the force of a mortgage and be a lien on the lot, had not been recorded, and that the assignment of the title bond did not show that anything was due Holman from Hardeman, and that the decree of Holman had been rendered without any service on Noonan and Patterson. On this ground alone, his prayer for· review was based. Patterson exhibited a copy of Holman's bill and decree, with a portion of the process; for it shows that separate process was issued for Woodruff. Yet no such process appears in the exhibit. The transcript exhibited with the bill contains no record entry at the fall term, 1860, and the final decree is 15th June, 1866, although the final decree refers to a decree *pro confesso*, entered at a former term. Patterson also exhibited with his bill the title bond of Woodruff and the several assignments, the deed from Woodruff to Edward W. Noonan, and a paper which purports to be the deed of Noonan, executed by an attorney in fact, to appellee, and so much of the record of the proceeding of the Jefferson circuit court in chancery, in the case of Holman against Harde-

man, Brewer and Woodruff as showed the bill and part of the process and final decree.

In this bill, appellee prays, either that the decree may be enjoined in so far as it affected the lots, or that the sale of the lots by the commissioner under Holman's decree, about to take place, be suspended, and that the decree be reviewed and opened to the extent that it affected the lots, etc. The court, upon appellee giving bond, suspended the sale. The record states that defendants entered their appearance and waived notice.

The record before us contains the following as a part of the orders at that term : " It was therefore ordered, adjudged and decreed by the court, after hearing the reading of the bill and exceptions and the argument of counsel thereon, that the prayer of said bill be granted, and that said decree be set aside and held " for void," and that the said Robert B. Patterson and Edward W. Noonan be and they are hereby made parties defendant to the original bill filed in this case, with leave, on the part of the said Robert B. Patterson and Edward W. Noonan, to file their respective answers to the original bill filed, on or before the third day of the next term of the court." The record then proceeds to order that the commission to sell be recalled until further decree, on condition that Patterson enter into bond to Holman, which he did. This order, which begins this transcript, would be incomprehensible to us if it were not that we find at the close a general demurrer to the bill of Patterson, filed November 17, 1868, by Holman, and on the last page, we find that this demurrer was argued and submitted, and was overruled, and Holman " refused to plead over;" and the order states, "rests upon their demurrer, and by leave of the court files their prayer for an appeal to the supreme court, from the decision and ruling of the court here, in overruling the demurrer to complainant's

bill, and by consent, the usual affidavit required is waived and said appeal granted."

Thus we find that Holman, Woodruff and Brewer, who were made defendants, entered their appearance to Patterson's bill, and Holman filed a general demurrer, which the court overruled, and he rested and declined to plead further, and a final decree was rendered reviewing and opening Holman's original decree against Brewer and Hardeman, and allowing Patterson and Noonan — who were purchasers *pendente lite*, from Brewer — to answer the original bill.

There can be no question as to their attitude. Story's Equity Pleadings, sec. 156.

Patterson insists here, because the imperfect record exhibited with the bill does not show service on Woodruff and Brewer, that Noonan and Patterson are not bound, because they were not bound, and that they are not purchasers *pendente lite*, because these vendors were never parties. Both Noonan and Patterson bought after Holman filed his bill. Patterson avers that Woodruff and Brewer were made parties, and a decree *pro confesso* was entered against them. If in point of fact Brewer never had notice, Patterson should have so averred, and his right to review would have been clear. We cannot look from plaintiff's bill to the exhibit, which on its face shows that it is imperfect, and is only exhibited to show the original bill and decree, for the purpose of contradicting his allegations, especially when, as in this case, we are asked to infer a fact, from the omissions in the exhibit. While it is true, a fact affirmatively and distinctly appearing in an exhibit would extend and supply defective allegations in a bill, we cannot extend the rule, as asked here, when the whole gravamen of the bill is based upon a different hypothesis, and the allegation is not only not made, but is inferentially contradicted by the bill.

The record exhibited here in the final decree recites facts as appearing of record, as the transactions of a former term, which are not copied into this transcript, nor is there a single entry, as appears in this transcript, from November, 1860, until the 15th of June, 1866.   Even were we on demurrer disposed to look from the statements of the bill to the exhibits, to determine the correctness of the court's action, we could not act on this transcript alone.   Patterson, in his bill, nowhere alleges that Brewer and Woodruff were not served with process, and by that rule of pleading which makes intendments most strongly against him who omits an important statement. We shall take it that the omission was purposely made.   If Holman's statement in his original bill is true, that Brewer had full knowledge, and Patterson and Noonon having bought pending the suit, they are bound by its results.   Story Eq. Pl., 156.

If Brewer was not served in fact, and that fact had been alleged, Patterson would then have had ground to review the original decree.   Patterson very properly made all the parties to the original bill defendants; his was an original bill in the nature of a bill of review.   Story Eq. Pl., sec. 409.   The court overruled Holman's demurrer and rendered the above decree.

The legal effect of a title bond is like a deed executed by the vendor and a mortgage back by the vendee.   The vendor in such case has a lien, which alike affects all persons who purchase, as the legal title is outstanding in the vendor.   *Moore v. Anders,* 14 Ark., 628.   The vendor of real estate has an equitable lien thereon for the purchase money, though he make the purchaser an absolute deed, reciting the receipt of the purchase money, as against the vendee or a person purchasing with notice that the purchase money is unpaid.   *Shall v. Biscoe,* 18 Ark., 142 ; *Scott v. Orbison,* 21 id., 202.

In this case, although Holmam had nothing but the equity of redemption in this land, and occupied the attitude of a mortgagor in possession, while Woodruff occupied the attitude of mortgagee, holding the title by reservation, rather than by grant, as in case of ordinary mortgages, which is the only difference between this class of transactions and ordinary mortgages, as the owners of this equitable interest, Holman had such title as was subject to sale and transfer. His assignment of the title bond to Hardeman made the latter his vendee, and the note Hardeman gave Holman, for the purchase money, gave him a lien on the land for its payment against Hardeman or any one claiming under him who purchased with notice that the debt was unpaid.

Holman, in his original bill, avers that Brewer had notice that his debt was unpaid at the time of his purchase and at the time of bringing suit. If this fact be true, the original decree in favor of Holman was right, if Brewer was served with process. But as Patterson does not aver to the contrary, that part on the demurrer to his bill should have been taken as true. The facts which he set up in his bill as the ground for review, that the note to Holman was not recorded and that himself and Noonan had no notice of the suit, were not sufficient grounds to review. From the allegations of Holman's bill, he was entitled to a decree, even if he had no note for the purchase money, and Noonan and Patterson having purchased, pending the suit, are bound by it as fully as if they had been parties. The decree was not void on its face, and the new facts alleged in Patterson's bill were not sufficient in law.

Therefore the court erred in overruling Holman's demurrer. For this error the decree of the Jefferson circuit court is reversed, and the cause is remanded to said court with instructions to allow appellee to amend his bill, if he desires to

do so, and proceed thereon in accordance with law and not inconsistent with this opinion.

HARRISON, J., did not sit in this case.