KRAFT *v.* MOORE.

Opinion delivered July 29, 1905.

1. RES JUDICATA—WHEN PLEA UNAVAILING.—Where the issues in a former and a pending suit were not the same, and different relief was sought in the two suits, a plea of *res judicata* is unavailing. (Page 393.)

2. APPEAL—QUESTION NOT RAISED BELOW.—Objections that a cross complaint was filed by one of defendants *as administrator* when he was sued individually, and that it is not responsive to the complaint, cannot be raised on appeal for the first time. (Page 394.)

3. SAME.—Objection to the right of an ancillary administrator to sue a resident of the State of the domiciliary administration who happens to be within the State of the ancillary administration cannot be raised on appeal for the first time. (Page 394.)

Appeal from Phillips Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

*N. W. Norton,* for appellants.

An administrator is liable personally for transactions subse quent to the death of his intestate, and a suit against him personally is proper. 19 Ark. 671. The suit having been brought against John P. Moore as an individual, he had no right, in his fiduciary capacity, to file a cross-bill. The cross-complaint was not proper because not responsive to the case made in the complaint. 30 Ark. 249; 31 Ark. 345. The administration of John P. Moore is ancillary, and his powers are limited to assets in this State, for the protection of domestic creditors. 46 Ark. 453; 31 Ark. 539; 34 Ark. 177; 42 Ark. 164; 16 Ark. 257; 30 Ark. 231.

*M. L. Stephenson,* for appellees.

This court will not disturb the findings of a chancellor unless there is a clear preponderance of evidence against them. 44 Ark. 216. A court of equity will not interfere with proceedings in the probate court for the settlement of estates to correct errors or irregularities, unless they are sufficiently gross to raise the presumption of fraud. 50 Ark. 217; 33 Ark. 575; 36 Ark. 383; 39 Ark. 256; 40 Ark. 393. Costs in equity are subject to the discretion of the court. 36 Ark. 383. Where a husband receives the capital fund of his wife's property, there is no presumption that she intended to give it to him. 98 Ill. 178; 135 Ind. 482.

HILL, C. J. Joseph H. Jackson died, leaving a widow, Sallie B. Jackson, *nee* Moore, and three minor children, Jamison A. Jackson, Martha Jackson and Lida Jackson. He left $8,000 in insurance to his wife. Mrs. Jackson was possessed of real estate, consisting of farm and other property in Phillips County. Mrs. Jackson, some years after her first husband's death, married Fred W. Kraft, and, after living some time in Helena, they moved to East St. Louis, Illinois, and there made their home until the death of Mrs. Kraft. Mrs. Kraft left one child, Overton A. Kraft, as the issue of her second marriage. Her husband, F. W. Kraft, took out letters of administration on her estate at the place of her domicil, East St. Louis, Ill., and John P. Moore, her father, took out letters on her estate in Phillips County, Arkansas, about one year prior to the letters of Kraft in Illinois. Several claims were probated in Phillips County, among others one of John P. Moore and another of Frierson Moore, Mrs. Kraft's brother.

On the petition of the administrator, the Phillips Probate Court ordered some real estate sold to pay debts; it was bought by Frierson Moore, and his purchase of it confirmed. Thereafter Kraft in his own right and as next friend to his child, Overton A. Kraft, brought suit in Phillips Chancery Court to assign him his estate of curtesy in the lands sold, to set aside the sales, and attacking the debts of Moore and son. Since this appeal was taken, Overton A. Kraft has died, and his estate has passed to his half brother and half sisters, who are not parties here. Counsel agree that the issues in the original suit, as to

these sales and debts, died with Overton A. Kraft, and left only
a question of costs for determination. There are decisions to the
effect that an appellate court will not proceed to determine a
question formerly in the case in order to determine the present
question of costs. In this case the costs are all in one suit, and
the determination of the issues of the cross complaint will
settle all the costs, as the costs in the suit and cross suit are in-
separable, except possibly trivial amounts.

After meeting the issues in the original suit, John P. Moore,
in his capacity as administrator, sued Kraft in a cross-com-
plaint, alleging that he had obtained $6,000 of his wife's money
under promise of investment in her name, and converted it to
his own use, and bought property with it, taking title to him-
self. He prayed judgment for this as such administrator, or
in the alternative that Mrs. Kraft's children by her first mar-
riage be made parties, and judgment rendered in their favor
for three-fourths of it. Kraft denied the allegations, and plead-
ed *res judicata*. The chancellor found in favor of Moore on
both the suit and cross suit, except as to Kraft's curtesy inter-
est which was decreed to him, and there was no cross appeal
on that issue, and gave judgment against Kraft for $4,800 with
interest. The latter is the only matter before the court.

1. Moore, as next friend of the Jackson children, had
sued Kraft in Illinois, making substantially the same allegations
as herein made in regard to money obtained by Kraft from his
wife under promise of re-investment for her, and sought to im-
press a trust on certain real estate in Illinois alleged to have
been purchased with this money thus obtained, title to which
was taken in himself. The Supreme Court of Illinois decided
the case against the Jackson children, on the ground that they
failed to trace the money received from Mrs. Kraft as the
whole or a definite part of the consideration of the properties
sought to be impressed with the trust. In that case the court
found Kraft received large sums from his wife, and that un-
doubtedly he was to use it or invest it for the benefit of his
wife, and to account for it to her in some manner; and that it
was not a gift from her to him, as he contended. For lack
of tracing it into the property the Jacksons failed, and no relief
was sought in that action other than the subjection of certain

real estate to a trust in their favor. There was not an identity of issues in that suit and this suit which will render the defense of *res judicata* availing here. 2 Black, Judgments, § 160.

2. Objection is here made to the cross-complaint being filed by Moore as administrator when he and his son were sued individually, and further that it is not responsive to the complaint. These questions were not raised below. The cross complaint charged Kraft with appropriating money belonging to Mrs. Kraft to his own use, and sought its recovery. Kraft denied the allegation as a first defense, and as a second defense pleaded that the matters alleged had been adjudicated in the Illinois suit heretofore referred to. He cannot raise such issues now after having accepted the issues tendered and unsuccessfully defended against such cross suit, the only issues then interposed.

3. The next question, and it is one not free of difficulty, is the right of the ancillary administrator to sue a resident of the State of the domiciliary administration who happens to be in the jurisdiction of the ancillary administrator. On this point the following authorities may be consulted with profit. *Greene v. Byrne*, 46 Ark. 453; *Shegogg v. Perkins*, 34 Ark. 117; *Turner v. Risor*, 54 Ark. 33; *Lewis v. Rutherford*, 71 Ark. 218; Minor's Conflict of Laws, § 113; 1 Woerner on Administration, § 158; *Equitable Life Assurance Society v. Vogel*, 76 Ala. 441. s. c. 52 Am. Rep. 344; *Merrill v. Ins. Co.* 103 Mass. 245, s. c. 4 Am. Rep. 548.

This question, however, like the preceding one, was not raised by the pleadings. It seems, from the chancellor's opinion in the record, that it was raised in argument, but the record shows the cross complaint and the answer thereto on the merits. This is a matter to be raised *in limine*. The chancery court is one of general jurisdiction in equitable causes of action, where it has jurisdiction of the persons. The objection now raised, if tenable, went to the jurisdiction over the *situs* of the debt represented by the debtor before the court, and could be waived by him like any other personal right to the proper place to be sued. Where not waived, and an appearance to the merits is entered, there was nothing for the court to do but proceed to adjudicate the issues thus presented.

4. The evidence sustains the chancellor's finding that Kraft had taken money of Mrs. Kraft intrusted to him as trustee for herself and her children by her former marriage for investment for them, and appropriated it to his own use. Finding no error, the decree is affirmed.

BATTLE, J., absent.