CLEVELAND v. ALDRIDGE.

Opinion delivered February 21, 1910.

1. ADVERSE POSSESSION—POSSESSION OF VENDEE OF LAND.—Payment of taxes on land by a vendee in possession, the making of improvements thereon, and his claiming of ownership thereof are insufficient to give notice that he holds adversely to the vendor.    (Page 53.)

2. SALES OF LAND—REMEDY OF VENDOR.—Where possession of land is given under an executory contract of sale, and the purchase money is unpaid, the vendor may recover possession in ejectment for the purpose of applying the rents and profits to the payment of the purchase money.  (Page 53.)

3. PARTIES—NONJOINDER—WAIVER.—Objection to the nonjoinder of parties is waived by failure to raise it in the court below.  (Page 54.)

4. SALES OF LAND—RECOVERY OF POSSESSION BY VENDOR.—Where a vendee of land went into possession, but failed to pay the purchase money, the vendor is entitled to recover possession for the purpose of applying the rents and profits to discharge the lien for the purchase money. (Page 54.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action in ejectment brought by appellees in the circuit court against appellants to recover certain lands situated in Columbia County, Arkansas.

Appellees alleged in their complaint that they and appellants, Nora and Otho Cleveland, are owners as tenants in common of the lands described in the complaint, and that appellants are in the unlawful possession of the same, claiming them adversely to appellees.

Appellants answered, denying that appellees had any interest in said lands, and claimed title to the same by adverse possession of more than seven years.

The facts are as follows: Appellees deraign title from the United States through mesne conveyance to W. R. Aldridge, who was their father and the grandfather of appellants, Otho and Nora Cleveland. W. R. Aldridge died intestate sometime between September 16, 1904 and July 23, 1907, the date of the commencement of this action. The date of his death is not more definitely shown by the record.

The appellants adduced evidence tending to show that W. O.

Cleveland, the husband of appellant, Lenna Cleveland, and the father of appellants, Otho and Nora Cleveland, went into the possession of said land in 1887, and lived there until the date of his death, about four years before the commencement of this suit; and that since his death his widow and children have remained in possession of the land, claiming it as their own. During the time that W. O. Cleveland was in the possession of said land, he cleared and put in cultivation 25 or more acres of it, and made other substantial improvements on it. During that time he also paid the taxes on the land and claimed it as his own.

The undisputed evidence shows that W. O. Cleveland admitted that he went into possession of said land under an agreement with W. R. Aldridge to purchase it, and that he had never paid any part of the purchase money.

At the conclusion of the testimony, the court instructed the jury to find a verdict for appellees, which was accordingly done. Thereupon the court rendered judgment against appellants in favor of appellee for the recovery of an eight-ninths interest in said lands.

From this judgment the appellants have duly prosecuted an appeal to this court.

*Stevens & Stevens,* for appellants.

The court erred in giving a peremptory instruction for the appellees. Appellants allege and prove adverse possession for more than the statutory period. If Aldridge put appellant's ancestor in possession under any kind of contract, the terms of this contract should have been alleged, and a forfeiture of same alleged and proved. 58 Ga. 129; 13 Ark. 534. Any statements Cleveland might have made in 1902, he having been in adverse possession more than seven years prior to that time, would not operate to divest him of title. 66 Ark. 29; 17 S. W. 640.

*C. W. McKay* and *J. G. Lyle,* for appellees.

1. Before appellants would be entitled to recover, they would have to show the extent of W. O. Cleveland's actual possession. The evidence does not show how much nor what part of the lands was in his actual possession. 65 Ark. 422.

2. The evidence does not sustain the claim of title by adverse possession. While admitting that Cleveland obtained pos-

session under some kind of contract with Aldridge, appellants do not claim that he purchased and paid for the land, nor that he obtained it by gift from Aldridge. There is shown no open disavowal and disclaimer of holding under Aldridge. 43 Ark. 521; *Id.* 469; 56 Ark. 492; 83 Ark. 375; 1 Cyc. 1144-5.

HART, J., (after stating the facts). It is earnestly insisted by appellants that the testimony shows that they have become vested with the title to said lands by adverse possession; but we can not agree with their contention. It must be remembered that W. O. Cleveland went into possession of said lands under an agreement of purchase from his father-in-law, W. R. Aldridge, and that the purchase price was never paid. The payment of taxes by W. O. Cleveland, the making of improvements by him, and his claiming the land to be his own were all acts not inconsistent with the rights of his vendor, W. R. Aldridge. In such cases the vendee's outward acts of ownership must have been of such an unequivocal character as to impart a notice to his vendor that an adverse possession is intended to be asserted against him.

In the case of *Tillar* v. *Clayton,* 76 Ark. 405, the court said: "The statute of limitations does not run against a vendor in favor of a vendee holding under a contract for sale and purchase; nor does it run where the original possession of the holder seeking to plead the statute was in privity with the rightful owner, until there be an open and explicit disavowal and disclaimer of holding under that title and assertion of title brought home to the other party."

The object and purpose of this suit, as shown by the pleadings, was to try the title to the land in controversy, but the undisputed evidence shows that W. O. Cleveland went into possession of the land in controversy under a contract for the purchase thereof, and that the purchase price remains due and unpaid. Hence we will treat the answer as amended to correspond with the proof. *Roach* v. *Richardson,* 84 Ark. 37, and cases cited.

Where possession of land is given under an executory contract for the purchase thereof and the purchase money is due and unpaid, the vendor may, by ejectment, recover possession of the land for the purpose of applying the rents and profits to the payment of his debt. *Smith* v. *Robinson,* 13 Ark. 538;

*Fears* v. *Merrill,* 9 Ark. 559; *Newsome* v. *Williams,* 27 Ark. 632.

It will not be necessary to consider whether or not the administrator of the estate of W. R. Aldridge, deceased, should have been joined as a party plaintiff to the suit, for the reason that no objection is made that the heirs were not the proper parties to bring this action. See *Sims* v. *Richardson,* 32 Ark. 297.

The pleadings show that the action was in ejectment to try the title to the land, and on the issue thus joined the court rendered judgment for appellees.

Treating the action as, under the undisputed facts, we have determined it to be, one in ejectment to recover the possession of the land for the purpose of receiving the rents and profits to discharge the incumbrance against it, and considering the pleadings amended to conform to the proof, the right of appellants to bring a suit to redeem is not barred.

Therefore, the judgment will be affirmed.