## HIGGS v. SMITH.

### Opinion delivered November 6, 1911.

1. SALE OF LAND—EFFECT OF TITLE BOND.—Where the owner sells land to another and executes a bond for title, the effect of the contract is to create a mortgage upon the land in favor of the vendor to secure the purchase money subject to all the incidents of a mortgage as effectually as if the vendor had conveyed the land by absolute deed to the vendee, and had taken a mortgage back to secure the purchase price. (Page 544.)

2. SAME—DEFAULT OF PURCHASER—REMEDIES.—Where an owner sells land and executes bond for title, his remedies, after failure of the vendee to pay in accordance with the contract, are to proceed at law for recovery of the debt, or to sue for possession for the purpose of collecting rents and profits, or by bill in equity to foreclose the vendee's equity of redemption; but he is not entitled, after giving the vendee reasonable notice to quit, to avoid the contract and maintain ejectment for the land. (Page 545.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*S. A. Wilkinson*, of Memphis, Tenn., for appellant.

In cases of this kind the vendor may rescind if the vendee refuses to pay the balance of the purchase price. Page on Contracts, § 1432; 6 Pomeroy's Equity Jur. 1331, 1339; 9 Ark. 561; 72 Ark. 360, 364; 70 Tex. 157; 87 Ark. 593; 76 Ark. 578; 76 U. S. 290, 19 L. Ed. 712; 1 Wall. 278, 17 L. Ed. 536; 2 O. St. 326, 5 Am. Dec. 677; 47 Fed. 399; 53 Ga. 18; 80 Ill. 138; 16 Bar. (N. Y.) 629; 8 O. 198; 45 N. H. 388; 135 Ill. 380; 45 Ia. 45; 61 Cal. 239; 47 N. H. 11; 46 Cal. 532.

*A. B. Shafer*, for appellee.

The contract in question could not be rescinded because it would be impossible to restore the parties to the same condition they were in before the contract was made. 17 Ark. 228, 237, 244.

McCULLOCH, C. J. Appellant and appellee entered into a written contract on December 11, 1906, whereby the former agreed to sell, and the latter agreed to purchase, a tract of land in Crittenden County, Arkansas, for the price of $500, of which $250 was paid in cash and the balance payable January 1, 1908, the contract containing a stipulation that the deed was to be executed when the last payment was made. Appellee was

placed in possession of the land, a portion of which was open and in cultivation, and it is claimed that he made additional improvements. Subsequently a controversy arose between the parties as to whether or not the description in the contract covered lands occupied by another person across the lake or chute, from the main body of land described in the contract, and litigation concerning the lands across the lake arose between appellee and the party in possession. This litigation continued until after the maturity of the last payment under the contract, but after its maturity the appellant gave notice to appellee requiring the latter, on or before a certain date, to elect whether he would pay the balance of the purchase price and accept the deed, or surrender the land and accept return of the amount already paid, the notice further providing that appellant would expect appellee to account for the rental value of the land during the time he had had possession and for the value of the timber taken from the land. Three days after the expiration of the time specified in the notice, appellee having failed to make the payments called for in the notice, appellant commenced an action at law against appellee to recover possession of the land. Appellee then tendered to appellant the amount of the last specified payment, with interest, and filed his answer and cross-complaint asking that the cause be transferred to the chancery court, and that appellant be required to accept the amount tendered and execute a deed. The court, on final hearing, granted appellee the relief prayed for.

It has been settled by many decisions of this court that, where the owner sells lands to another and executes a bond for title, "the effect of the contract is to create a mortgage in favor of the vendor, upon the land, to secure the purchase money, subject to all the essential incidents of a mortgage, as effectually as if the vendor had conveyed the land by an absolute deed to the vendee and taken a mortgage back to secure the purchase price." *Smith* v. *Robinson*, 13 Ark. 533; *Moore* v. *Anders*, 14 Ark. 633; *Hardy* v. *Heard*, 15 Ark. 188; *Harris* v. *King*, 16 Ark. 126; *Lewis* v. *Boskins*, 27 Ark. 61; *Holman* v. *Patterson*, 29 Ark. 357; *McConnell* v. *Beattie*, 34 Ark. 113; *Robertson* v. *Read*, 52 Ark. 381; *Strauss* v. *White*, 66 Ark. 167; *Stubbs* v. *Pitts*, 84 Ark. 160.

It has also been uniformly held that the remedies of the

vendor, after failure of the vendee to pay in accordance with the stipulation of the contract, are to proceed at law for recovery of the debt, or to sue to recover possession for the purpose of collecting rents and profits, or to proceed by a bill in equity to foreclose the equity of redemption and sell the lands for the payment of the debt, and also that the vendee has the right to proceed by bill in equity to redeem. *Smith* v. *Robinson, supra.*

Appellant relies upon the decision of this court in *Fears* v. *Merrill,* 9 Ark. 559, where these alternative remedies of a vendor are referred to. But the statement there of the rule is inaccurate in saying that the vendor may, "if the money is not paid when due, by first giving to the vendee reasonable notice to quit, *avoid his contract,* and maintain an action of ejectment for the land." An examination of the subsequent decisions of this court above referred to shows that that part of the statement which says that the vendor may avoid his contract has never been followed, but, on the contrary, it has been expressly held that, if the vendor elects to pursue that remedy, he recovers possession as mortgagee only for the purpose of taking rents and profits to apply on the purchase price, and that the vendee may at any time redeem. In *Smith* v. *Robinson, supra,* the court, in commenting on the case of *Fears* v. *Merrill,* said: "The vendor may, at once, by a recovery in that action, possess himself of the rents and profits of the mortgaged estate, which he could take and hold until, by this means, the incumbrance might be discharged. After which equity would compel a conveyance to the purchaser or his assigns, if proceeded for within the period of limitation." This rule would not apply, of course, to a contract which operated merely as an option and not a mutual obligation to sell and to buy, for in such a case the equitable title would not pass to the vendee; nor does the rule apply where time is of the essence of the contract, but it is not contended that the effect of this contract is to make time of its essence. Applying the principles thus announced, it is clear that the decree of the chancellor was correct, and the same is affirmed.

KIRBY, J., concurs.