EDWARDS *v.* WALLACE.

Opinion delivered July 7, 1913.

1.  ACTIONS—RIGHT TO TRANSFER CAUSE—WAIVER.—When plaintiff sues defendant at law, and plaintiff's remedy is in equity, defendant waives the point by not moving to transfer.   (Page 575.)

2.  EVIDENCE—CONFLICT—VERDICT.—When there is a conflict in the evidence, it is settled by the verdict of the jury.   (Page 575.)

3.  JUDGMENT—RES JUDICATA.—When the undisputed evidence shows that the claim asserted by the plaintiff was adjudicated in a former action between the parties, it can not be again adjudicated in another action.   (Page 578.)

Appeal from Garland Circuit Court; *Calvin T. Cotham*, Judge; reversed.

*A. Curl*, for appellant.

*Appellee, pro se.*

McCulloch, C. J. The plaintiff, Rebecca E. Wallace, instituted this action in the circuit court of Garland County against the defendant, Arthur J. Edwards, to recover, upon open account for borrowed money, the sum of $1,057.50, and exhibited with her complaint various paid checks as evidence of the correctness of the items for the money loaned at various times. There were thirty-four checks, ranging in amount from $2 to $300, and aggregated the sum of $1,057.50, the amount sued for.

Defendant filed his answer, denying that he had borrowed money from the plaintiff or that he was indebted to her in any sum. He also pleaded, as a bar to the plaintiff's right of recovery, a former adjudication, in another case pending between these parties, of the same question involved in this case.

The trial before a jury resulted in a verdict and judgment in favor of the plaintiff for recovery of the sum of $500, and defendant appealed.

The plaintiff was the wife of the defendant at the time the alleged liability accrued, but the parties were divorced by decree of the chancery court before the commencement of this suit.

The question of plaintiff's right to sue at law has not been raised, and we need not determine whether it is proper for the plaintiff to sue at law. If her remedy was in equity, defendant waived the point by not moving to transfer.

There is a sharp conflict in the testimony as to whether or not the defendant borrowed the sums named, or any sums of money, from plaintiff. That issue must be treated as settled by the verdict of the jury.

We are of the opinion, however, that, according to the undisputed testimony, the defendant's plea of former adjudication should have been sustained.

Before the parties were divorced, the plaintiff sued the defendant in equity to cancel a deed which she had executed to him conveying certain interests in real estate, and to recover possession of an automobile, a diamond

ring, and certain articles of household furniture. The chancery court rendered a decree in plaintiff's favor in that case, granting the relief which she prayed, but decreed a lien in favor of the defendant for a certain amount of money alleged to have been paid by defendant to plaintiff for the conveyance. The court also allowed the plaintiff a credit of certain amount of money which she claimed to have loaned to defendant, or turned over to him to take care of.

The defendant in the present case introduced testimony establishing the fact beyond dispute that in the former litigation between them the plaintiff introduced testimony as to all of the checks upon which she relies for recovery, and the decree of the chancery court is brought into the record, and it shows conclusively that the court passed on the question of the plaintiff's right to recover anything on those checks or to assert them as a set-off against, or in extinguishment of, the defendant's right to recover the sum of money which he had paid for the price of the land. The decree in the former suit, after reciting the defendant's claim for reimbursement of the amount paid in consideration of the deed and the testimony with reference to the money paid by plaintiff to defendant upon checks involved in that case and in this, reads as follows:

"The evidence fails to show an actual promise on the part of the defendant to repay each and all of them (the amounts represented by the checks) and the court is unable from the evidence and circumstances surrounding said payments to say, that some of these items were upon a contract to repay, and were not in the nature of advancement; * * * but do find that the plaintiff gave defendant on February 10, 1910, a check for $114, February 2, 1910, a check for $42, and February 28, 1910, a check for $75, making a total of $231, which she says was a part of the $800 and not being otherwise satisfactorily explained by defendant, * * * he should have a credit of $569 received by her from the defendant on account and as a consideration for same."

This part of the decree shows a distinct finding and adjudication by the court that the plaintiff is not entitled to assert a claim against the defendant for the amounts now set up in this suit. It is true the pleadings in the former suit are not set out in this record, but enough of the record of the former suit is brought into this record to show conclusively that the questions now presented were adjudicated in that case.

In the case of *Kraft* v. *Moore,* 76 Ark. 391, we said: "Where the issues in a former and a pending suit were. not the same, and different relief was sought in the two suits, a plea of *res judicata* is unavailing."

And in *McCombs* v. *Wall,* 66 Ark. 336, the court said: "To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear, by the record or by extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit."

All of the issues in the former suit were not the same as those in this, but it does appear from the testimony adduced and the record that the question of the plaintiff's right to assert a claim against the defendant based upon the money drawn upon these checks was made an issue in that case.

In the case, of *National Surety Co.* v. *Coates,* 83 Ark. 545, we quoted with approval the following statement of the law made by the Supreme Court of the United States in *Southern Pacific Ry. Co.* v. *U. S.,* 168 U. S. 1:

"A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, can not be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

We also quoted with approval the language of that court in the case of *New Orleans* v. *Citizens' Bank,* 167 U. S. 371:

"The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, where the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies."

Our conclusion is, as before stated, that, according to the undisputed evidence, the claim asserted by the plaintiff was adjudicated in the former action between the parties and that it can not be again adjudicated in this action. The judgment is, therefore, reversed and the cause dismissed.