WILLIAMS *v.* BAKER.

4-7418                                      182 S. W. 2d 753

Opinion delivered October 16, 1944.

*Bob Bailey, Sr.,* and *Bob Bailey, Jr.,* for appellant.

*J. H. A. Baker,* for appellee.

McFADDIN, J. This appeal comes from a judgment in an action in ejectment filed by appellee against appellants.

Jas. H. A. Baker was the owner of certain property in the city of Russellville, subject to the life estate of Martha Bryant. On April 10, 1930, Baker contracted to sell his interest in said property to Lawrence Bryant for $443.92, payable, $100 cash, and the balance in four annual payments, evidenced by four interest-bearing notes. The contract provided in part: "It is agreed and understood that upon the failure of the said Lawrence Bryant to pay any of said notes upon maturity date, then all of said notes and deferred payments become due and payable, and any sums paid by him shall be considered rentals. The said Lawrence Bryant agrees to keep the taxes and insurance premiums paid, and his failure so to do shall be sufficient notice to the said Jas. H. A. Baker to pay said sums, and any sum or sums so paid by him shall constitute a lien upon the premises until the same shall have been repaid to him by the said Lawrence Bryant." The above quotation is the only language in the contract containing any provision as to forfeiture of Bryant's rights upon failure to make prompt payments.

Lawrence Bryant went into possession of the premises, and so remained, either personally or through his tenant (co-appellant, Gus Williams), at all times to and including the trial in the court below. Bryant paid the $100 cash mentioned in the contract, and also paid a total of $139.39 at subsequent times. The life tenant, Martha Bryant, died on September 14, 1939. Baker first filed an action in unlawful detainer against the tenant, Gus Williams, but dismissed that action without prejudice; and on April 10, 1942, Baker filed this present action in ejectment in the circuit court, alleging that he (Baker) was the owner and entitled to the immediate possession of the premises, and prayed for judgment for possession and for damages. Gus Williams disclaimed any interest, save as tenant of Lawrence Bryant; and the latter filed pleadings denying Baker's right to recover, and praying that his (Bryant's) title be quieted.

The case was tried before the circuit court without a jury, and resulted in a judgment for Baker for posses-

sion and for $180 for three years' rent. The learned circuit judge gave a written opinion, which is in the record and has been very helpful to this court, and which opinion concludes with this language: "Judgment will therefore be entered for plaintiff, as set forth in these pleadings, for possession of the premises in question and for damages as herein designated. There are certain equities involved which should be adjudicated, but only in an equity court. Judgment for plaintiff for possession and rents, would not, in the court's opinion, preclude the defendant from instituting a suit to redeem upon proper showing and proof. See *Cleveland* v. *Aldridge*, 94 Ark. 51, 125 S. W. 1016." From the order overruling the motion for new trial, Bryant and Williams have appealed, presenting the questions herein discussed:

I. *Transfer to Equity.* Appellants say, in their brief, that the circuit court should have transferred the cause to chancery. We have searched the entire record, and we fail to find where either party made any motion to transfer to equity, or filed any demurrer or other pleading that might be treated as a motion to transfer to equity.

There was no reversible error on the part of the circuit court in failing to transfer to equity, when no motion to transfer was made. *Edwards* v. *Wallace,* 108 Ark. 574, 158 S. W. 1073; *Pratt* v. *Frazer,* 95 Ark. 405, 129 S. W. 1088; *Collins* v. *Paepcke-Leicht Lbr. Co.,* 74 Ark. 81, 84 S. W. 1044; *Organ* v. *Memphis & L. R. R. R. Co.,* 51 Ark. 235, 11 S. W. 96; *Horsley* v. *Hilburn,* 44 Ark. 458.

II. *The Judgment for Baker for Possession.* When Baker and Bryant made the contract, whereby Baker agreed to sell, and Bryant agreed to buy, the property, and Bryant executed notes for the deferred payments, the transaction was the same, in law and equity, as if Baker had made Bryant a bond for title. We have repeatedly held that the relation between the parties in a bond for title is the same as mortgagor and mortgagee; and that a mortgagee—on condition broken—may main-

tain ejectment proceedings to recover possession. In *Cleveland* v. *Aldridge,* 94 Ark. 51, 125 S. W. 1016, Mr. Justice HART, speaking for this court, said: "The object and purpose of this suit, as shown by the pleadings, was to try the title to the land in controversy, but the undisputed evidence shows that W. O. Cleveland went into possession of the land in controversy under a contract for the purchase thereof, and that the purchase price remains due and unpaid. . . . Where possession of land is given under an executory contract for the purchase thereof, and the purchase money is due and unpaid, the vendor may, by ejectment, recover possession of the land for the purpose of applying the rents and profits to the payment of his debt. *Smith* v. *Robinson,* 13 Ark. 533; *Fears* v. *Merrill,* 9 Ark. 559, 50 Am. Dec. 226; *Newsome* v. *Williams,* 27 Ark. 632."

And in *Higgs* v. *Smith,* 100 Ark. 543, 140 S. W. 990, Chief Justice McCULLOCH, speaking for the court, said: "It has been settled by many decisions of this court that, where the owner sells lands to another and executes a bond for title, 'the effect of the contract is to create a mortgage in favor of the vendor, upon the land, to secure the purchase money, subject to all the essential elements of a mortgage, as effectually as if the vendor had conveyed the land by an absolute deed to the vendee and taken a mortgage back to secure the purchase price.' *Smith* v. *Robinson,* 13 Ark. 533; *Moore* v. *Anders,* 14 Ark. 628, 60 Am. Dec. 551; *Hardy* v. *Heard,* 15 Ark. 184; *Harris* v. *King,* 16 Ark. 122; *Lewis* v. *Boskins,* 27 Ark. 61; *Holman* v. *Patterson's Heirs,* 29 Ark. 357; *McConnell* v. *Beattie,* 34 Ark. 113; *Robertson* v. *Read,* 52 Ark. 381, 14 S. W. 387, 20 Am. St. Rep. 188; *Strauss* v. *White,* 66 Ark. 167, 51 S. W. 64; *Stubbs* v. *Pitts,* 84 Ark. 160, 104 S. W. 1110.

"It has also been uniformly held that the remedies of the vendor, after failure of the vendee to pay in accordance with the stipulation of the contract, are to proceed at law for recovery of the debt, or to sue to recover possession for the purpose of collecting rents and profits, or to proceed by a bill in equity to foreclose the

equity of redemption and sell the lands for the payment of the debt, and also that the vendee has the right to proceed by bill in equity to redeem. *Smith* v. *Robinson, supra.* See, also, *Cooper* v. *Phillips,* 157 Ark. 525, 249 S. W. 12; *Jones on Mortgages,* 8th Ed., § 891; *Wiltsie on Mortgage Foreclosures,* 5th Ed., § 6; *Glenn on Mortgages,* § 74.''

In this case, the parties stand as though Bryant had mortgaged the premises to Baker for the payment of money, and had then defaulted in the payment of the obligation; and it, therefore, follows that so much of the judgment as awarded Baker possession of the premises was in keeping with numerous decisions of this court, because a mortgagee may maintain ejectment to secure possession after the condition of the mortgage is broken.

III. *Bryant's Pleas of Adverse Possession and Limitations.*

As regards Adverse Possession: Bryant admitted that he entered the property as the vendee of Baker, so the possession of Bryant was not adverse in its inception; and there is no proof of explicit disavowal or disclaimer of that holding and assertion of adverse claim brought home to Baker. Therefore, the plea of adverse possession is without merit in this ejectment action. *Tillar* v. *Clayton,* 76 Ark. 405, 88 S. W. 972; *Cleveland* v. *Aldridge,* 94 Ark. 51, 125 S. W. 1016; *Little Rock & Ft. S. Ry. Co.* v. *Rankin,* 107 Ark. 487, 156 S. W. 431. See, also, Annotation in 1 A. L. R. 1329.

As regards Limitations: Even if the statute of limitations (§ 9465, Pope's Digest) could be successfully pleaded in an ejectment action (which we find it unnecessary to decide in this case), nevertheless, the proof here shows that appellant Bryant, by his attorney, made a payment on the indebtedness in 1937, which was less than five years before this ejectment action was filed; so limitations could not be successfully invoked under the facts.

IV. *The Judgment for Rents.* The circuit court rendered judgment for Baker for possession, and also

for rents for three years. The plaintiff had prayed for damages, but the only damages claimed were the rental value of the premises. No damage for waste was alleged or shown. We hold that so much of the judgment as awarded rents was in error. Baker's right to possession was to enable him to become a mortgagee in possession, and thereby apply the rents and profits against the indebtedness. He could not in the same suit take possession from the mortgagor, and then have judgment for rents for three years previous, because the rents, as such, were not included in the mortgage. The right of Baker to possession as mortgagee under condition broken was not final until the judgment of the circuit court. The judgment fixed his right to possession, and he could not recover rents prior to that judgment. Sections 4658ff and § 4651 of Pope's Digest, relating to three years' rents in ejectment cases, do not refer to mortgagees obtaining possession, but refer to owners against adverse claimants. In *Deming Investment Co.* v. *Bank of Judsonia,* 170 Ark. 65, 278 S. W. 634, we pointed out that the rents were not mortgaged merely by a mortgage of the lands, and that rents belonged to the mortgagor until possession be taken from him, either by decree or by a receiver appointed *pendente lite.* See, also, *Ward* v. *Jackson,* 180 Ark. 865, 23 S. W. 2d 261.

In Jones on Mortgages, 8th Ed., § 827, in discussing the mortgagor's right to rents, the rule is stated: "So long as the mortgagor is allowed to remain in possession, he is entitled to receive and apply to his own use the income and rents from the mortgaged estate. 'The rents and profits are not pledged; they belong to the tenant in possession, whether the mortgagor or a third person claiming under him.' He is not liable for rent. His contract is to pay interest, and not rent. Although the mortgagee may have the right to take possession upon a breach of the condition, if he does not exercise this right, he cannot claim the profits. . . . A mortgagee of real estate, before entry and notice to the tenants, has no right to demand or receive the rents and profits of the mortgaged property." See, also, *Wiltsie*

*on Mortgage Foreclosures,* 5th Ed., § 561; *Glenn on Mort-gages,* § 33.4; *Polhill* v. *Brown,* 84 Ga. 338, 10 S. E. 921; 36 Am. Jur. 833.

Thus, so much of the judgment of the circuit court as awarded rents to Baker, is reversed.

V. *Baker's Hypothecation of the Notes.* Bryant claimed that Baker had hypothecated the notes and never recovered all of them, and that Bryant had settled some of them with the pledgee. There is no need for us to explore this question, because we are affirming only so much of the circuit court judgment as awarded Baker the right to possession of the premises. He thus becomes a mortgagee in possession. Either he may file a suit in the chancery court to terminate that relationship, or Bryant may file a bill to redeem. In either suit, proof of the pledge or other disposition of the notes, any payment thereof, and any and all other matters would be pertinent issues, which would go to determine the then present indebtedness, if any—concerning which we express no opinion here. In short, Bryant is not prejudiced from raising the hypothecation issue in the chancery court.

The circuit court expressed the query as to why the parties pursued this cumbersome proceeding of ejectment and a later suit in equity, when a chancery foreclosure in the first instance would have disposed of all issues in one suit. The query remains unanswered, but we agree with the circuit court that the parties elect their remedy and the courts adjudicate the rights.

To conclude: So much of the judgment as awarded Baker possession of the premises, is affirmed; so much of the judgment as awarded Baker a judgment for rents, is reversed and dismissed.

This being a law case, and the judgment being reversed on a substantial issue, it follows that the costs of the appeal are taxed against the appellee. Section 2375, Pope's Digest; Stevenson on Supreme Court Procedure, p. 64.