STONE *v.* WHITMAN.

4-4352

Opinion delivered July 6, 1936.

*Nat T. Dyer,* for appellant.
*Herrn Northcutt,* for appellee.

JOHNSON, C. J. On January 18, 1932, one Jack Hornbuckle by executory contract agreed to sell to H. W. Stone the west half of the southwest quarter of section 6, township 19 north, range 13 west. The purchaser paid $50 in cash and agreed to pay $50 November 1, 1932; $100 November 1, 1933, and $100 November 1, 1934, with interest. This contract of purchase in part provided: "There is a mortgage due against said lands together with another 80-acre tract adjoining on the south and east and that in the event said mortgage should be foreclosed, both parties hereto will work together and endeavor to pay same off and save title to all said lands." The purchaser made payments on this contract as follows: June 6, 1933, $20; September 10, 1933, $100.

On June 6, 1933, H. W. Stone by executory contract agreed to sell the 80-acre tract purchased from Hornbuckle together with a 5-acre adjoining tract to G. T. Whitman for a recited consideration of $1,350. One hun-

dred fifty dollars of the recited consideration was paid in cash and the balance was evidenced by promissory notes as follows: $400 on or before September 15, 1933, and $800 on or before January 1, 1936, with interest. This contract further provided that when the $400 obligation was paid on September 15, 1933, an abstract showing title and a warranty deed conveying said property to Whitman would be executed by Stone and placed in escrow in the Farmers' & Merchants' Bank of Mountain Home, to be delivered to Whitman when the $800 obligation was fully paid.

On September 14, 1933, Jack Hornbuckle by executory contract agreed to sell and convey to G. T. Whitman for a recited consideration of "one 1928 model Duplex Victory 6 Dodge Car," and the assumption by Whitman of an outstanding mortgage indebtedness to one M. J. McPhee, for the sum of $400, the 80-acre tract of land which was the subject of the contract between Hornbuckle and Stone, and Stone and Whitman and also an adjoining 80-acre tract. Upon the payment and discharge by Whitman of the McPhee mortgage Hornbuckle and wife by warranty deed conveyed the 160-acre tract to the Whitmans.

After Whitman obtained his deed from Hornbuckle conveying to him the 80-acre tract and after demand upon the bank to deliver to him the Stone conveyance, then in escrow, covering the 5-acre tract, this suit was instituted by Whitman against Stone and the escrow bank seeking specific performance, delivery of the deed held in escrow by the bank and a judgment against Stone for $100, an alleged overpayment. Stone denied generally the allegations of the complaint, and by way of cross-complaint alleged a balance due him on the purchase price of the lands described in the contract of date June 6, 1933, of $400 and accrued interest.

After hearing all the testimony adduced by the parties, the chancellor decreed, specific performance, directed delivery of the deed to the 5-acre tract held in escrow by the bank, and a judgment in favor of Whitman against Stone for the sum of $100 overpayment,

and dismissed appellant's cross-complaint for want of equity from which this appeal comes.

The testimony adduced by the parties aids but little in the determination of the question of fact presented on this appeal; therefore, we do not undertake to set it out in detail or discuss it at length.

Under the law the burden of proof rested upon appellee to show by a preponderance of the testimony that he had paid or otherwise discharged his $1,200 obligations to Stone before being entitled to specific performance. *Moody* v. *Kahn,* 174 Ark. 1072, 298 S. W. 353; *Fox* v. *Hutton,* 142 Ark. 530, 219 S. W. 28.

It is admitted by all parties that the $400 obligation which matured on September 15, 1933, was paid promptly; and it was also admitted that Whitman discharged a mortgage incumbrance to McPhee on the tracts of land involved, in the sum of $400 for which he was given credit by Stone on the $800 obligation which matured on January 1, 1936. This inquiry, therefore, narrows to an ascertainment of whether or not the balance of $400 on the $800 obligation had been paid or discharged by Whitman. If this obligation had been paid or discharged by Whitman, the chancellor's decree is correct, and should be affirmed; if not, the decree is wrong, and must be reversed.

Appellee's theory of the case is that Stone's title to the 80-acre tract failed; that to protect himself he was required to purchase the title from Hornbuckle and that the purchase price due Stone should be abated to the extent of the purchase price. This position is not tenable. Appellee had a right to pay off valid outstanding incumbrances and charge Stone with the sums necessary to effect this result; he also had the right to acquire a valid outstanding title and charge Stone with the sums necessarily expended in this behalf, but nothing more. *Brodie* v. *Watkins,* 31 Ark. 319; *Lewis* v. *Boskins,* 27 Ark. 61.

After discharging the mortgage debt to McPhee, for which sums Whitman has already received credit on the $800 obligation to Stone, Whitman's only claim is that he delivered to Hornbuckle a second-hand Dodge car in

discharge of all his outstanding obligations. For this car, however, Whitman received from Hornbuckle an additional 80 acres of land. Certainly Stone should not be charged with the value of this car under the facts and circumstances of this record. We think it is clear from the whole record that Whitman yet owes Stone a balance of $400 and interest on the purchase price of the 5-acre tract of land, and the chancellor erred in deciding otherwise.

For the reasons assigned the cause will be reversed and remanded with directions to enter a decree in favor of Stone upon his cross-complaint, and not inconsistent with this opinion.