MYERS *v.* SNIDER.

5-1055                                          294 S. W. 2d 495

Opinion delivered October 29, 1956.

*Alonzo D. Camp,* for appellant.

*Wood & Smith,* for appellee.

ED. F. McFADDIN, Associate Justice. In seeking a reversal the appellant contends that: (a) the Chancellor's findings are against the preponderance of the evidence; and (b) the findings are inconsistent.[1]

We give the salient facts: appellee, Snider, had owned for many years a tract of about two acres fronting on the basin cut-off of White River at DeValls Bluff. He was willing to allow some of his friends to have cottages on his land. Accordingly, on May 1, 1950, Snider gave appellant Myers an instrument reading:

"I agree to lease to Mr. George Meyers part of my ground at DeValls Bluff, Ark. to put a small house on for 5 years at 25 Dollars per year. I agree that Mr. Myers may move his building at any time from my ground that he may want to. This lease is not transferrable. This lease in carbon copy. Signed: Elijah Snider."

Myers moved a cottage, 16 x 24 feet, on the Snider land and paid the required annual rent. Later Myers placed of record a "contract of sale and rent,"[2] dated June 13, 1950, wherein Snider purported to sell to Myers the entire two acres for payments of $25 per year for 99 years. When he learned that Myers was claiming more than what was specified in the lease of May 1, 1950, Snider brought the present suit, alleging that the purported "contract of sale and rent" was a forgery; and, if not a forgery, then the contract was void for uncertainty

---

[1] Appellant used this language in his points relied on: "I. The decree itself reflects inconsistent findings of fact treating of the same essential matter—the lease—and prejudicially affecting substantial rights. "II. The decree, based upon either set of contradictory findings of fact, is unsupported by any substantial evidence."

[2] This was the printed form of "Contract of Sale and Rent," being numbered "Form 886", and being in general use in this State.

and material alterations. The prayer of the complaint was that the recorded "contract of sale and rent" should be declared void and cancelled of record.

Myers asserted the complete validity of the "contract of sale and rent" and, by cross complaint, sought the full enforcement of that contract.[3] At the trial Myers admitted that certain parts of the "contract of sale and rent" were never agreed to. We list his admissions:

(a) The "contract of sale and rent" definitely recited that if Myers paid $25 per year for 99 years and fulfilled all the other provisions of the contract then, at the expiration of the 99 years, Snider was to execute to Myers a warranty deed conveying the premises. Myers admitted that Snider never agreed to deed him the property, even though such language was plainly contained in the printed contract.

(b) The "contract of sale and rent" stated that Myers was to pay all taxes on the land, and upon failure to pay the taxes promptly when due, all of Myers' claims under the contract would be *ipso facto* forfeited. Myers claimed that there was no agreement requiring him to pay the taxes, even though the contract so provided.

(c) The "contract of sale and rent" described the property in Prairie County in this language: "That parcel of land and appurtenances thereon now owned by Elijah Snider of DeValls Bluff, Arkansas, as per record title of said lands, and known as 'Snider's Fish Dock' " Following said description someone attached to the instrument a paper, of sixteen typewritten lines, containing a definite description of certain property in metes and bounds. Myers admitted that such typewritten addenda had never been a part of the contract; and there was no satisfactory explanation of this addenda. Myers did not pray for reformation of the uncertain description in the original contract and the proof failed to establish that Snider owned "Snider's Fish Dock."

In the light of the admissions by Myers, and in consideration of other evidence in the record, the Chancery

---

[3] Among other relief prayed by Myers there was ". . . that cross-complainant's rights under said lease be quieted and confirmed."

Court found, *inter alia*: (1) that the "contract of sale and rent" ". . . is void because it does not express the agreement of the parties"; and (2) that the "contract of sale and rent" ". . . was breached by the defendants[4] in that they failed to pay taxes, and that as a result of such breach a forefeiture occurred . . ."

We have carefully examined the record and conclude that the Chancery Court was correct. In praying that his possession and title be quieted to the premises described in the "contract of sale and rent," Myers had the same burden as one who seeks specific performance. In *Lacey* v. *Bennett*, 210 Ark. 277, 195 S. W. 2d 341, we held that one seeking specific performance of a contract must prove (a) the essentials of a valid and binding contract; and (b) that he had at all times been ready, able and willing to perform his part of the contract. See also *Fox* v. *Hutton*, 142 Ark. 530, 219 S. W. 28; and *Moody* v. *Kahn*, 174 Ark. 1072, 298 S. W. 353.

Tested by the holdings in the foregoing cases, it is clear that Myers failed to show himself entitled to any relief. By his own admissions, the "contract of sale and rent" — as to sale and as to payment of taxes — did not express the agreement that he seeks to enforce; so there was no meeting of the minds of the parties in regard to a valid and binding contract. Furthermore, even if we assume that the "contract of sale and rent" was definite and binding, nevertheless Myers admits that he has entirely failed to perform his part of the contract as regards the payment of taxes: so he did not show himself to have been at all times ready, willing and able to perform the contract that he says was signed and acknowledged and placed of record. Without considering the other matters urged by Snider, it is clear that the Chancellor was correct in his decree.

Affirmed.

---

[4] Myers' wife was a nominal defendant.