**REFELD v. FERRELL.**

EQUITABLE LIENS—*May be shown outside of deed.*—The parting with the legal title and placing the vendee in possession, when relied upon as a defense by the vendee, in a suit by the vendor to enforce his equitable lien, will not prevent the vendor from showing the fact of sale and non-payment of the purchase money outside of the deed.

APPEAL FROM ARKANSAS CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*A. H. Garland,* for Appellant.

We submit that, the purchase money being upaid, equity charges the land with its payment, and permits the facts of sale and non-payment to be shown outside. See 18 *Ark.;* 142; *Mackreth vs. Lymmans,* 1 *Leading Cases in Equity,* (notes by *Hare & Wallace*) 194, *et seq; top page* 248, *et seq.*

GREGG, J.—On the 25th of April, 1871, the appellant brought his action, in the Arkansas Circuit Court, against the appellee, for the possession of certain real estate.

At the September term following, the appellee filed his

answer, and on his motion the cause was transferred to the equity side of the docket.

The appellee alleged that, by verbal contract, the appellant sold the lands in controversy to W. R. Watkins, on a credit, for one hundred dollars, which was their full value at that time. That Watkins, with the full knowledge and consent of appellant, put about fifteen hundred dollars worth of improvements on the grounds, and held possession of the same, until the 11th day of July, 1867, when, with like knowledge, he sold the same to appellee, and put him in possession thereof, and that he held the same peaceably, and with appellant's full knowledge and acquiescence, until the time of making his answer. That he bought and paid for the premises with full knowledge of the appellant, and that he made no objection. That he has offered to pay the $100 due on the lot, but the appellant refused to accept the same or make him a deed, and he tenders the one hundred dollars and interest, in court. He prayed that the cause be heard in equity; that the appellant be decreed to make to him, as Watkins' assignee, a valid deed, and that he pay all costs.

The appellant responded to these allegations, that he did sell the premises to Watkins, for one hundred dollars, who was then indebted to him $1700 or $1800, and that it was the distinct understanding and agreement between them, that the title was to remain in the appellant, and that no deed was to be made Watkins until said indebtedness, as well as the $100 was fully paid, and with this knowledge and agreement, Watkins took possession and made the improvements, and that the purchase, or pretended purchase of the said Ferrel, was made with a full knowledge of these facts, and that appellant, at all times, set up his claim to said premises. That no money was ever tendered until long after the commencement of this suit, and then only one hundred and thirty dollars. That upon his hearing of the appellee's proposed purchase, he notified him of his claims upon the premises, etc.

A demurrer was sustained to this replication, and appel-

lant amended by averring more positively, that the consideration for the lot was the payment of the seventeen or eighteen hundred dollars, as well as the additional one hundred dollars, and that upon this consideration, the improvements were made, and the title was to remain in appellant until that full amount was paid, etc., and that appellee had full knowledge, at his pretended purchase, and when he took possession of the premises, and that no part of the purchase money has been paid.

The court sustained a demurrer to this amended response, and the appellant rested; whereupon, the court decreed that the appellant pay all the costs and make a good and valid deed to appellee for the premises and, upon the tender of such deed, that the appellee pay to him one hundred dollars, from which decree this appeal is prosecuted.

. If it were true, as the court seems to have holden, that the appellant can recover no more than the amount named as the value of the lot, at the date of sale, and that his right of action was cut off by the appellee's tender, he would certainly have been entitled to interest from sale until the tender was made, and for that reason the decree should have been for more than one hundred dollars.

The decree below was based upon the appellee's answer, but upon the well established rule, that pleadings are construed most strongly against the pleader, the whole costs should not have been decreed against the appellant, because the appellee does not claim that he tendered him any sum, whatever, before the commencement of the suit. This court has repeatedly holden that where the purchase money was not paid, the vendor might enforce his lien by an ejectment suit, thereby placing himself in possession of the premises, where he can convert the rents and profits until his demand is extinguished. *Fears vs. Merrill*, 9 *Ark.*, 559; *Smith vs. Robinson*, 13 *Ark.*, 533; *Sullivan vs. Hadley*, 16 *Id.*, 144; *Pope vs. Boyd*, 22 *Id.*, 538. And surely a tender, after suit, could not relate back and cause him to be taxed with costs which he had been forced to pay to secure his legal rights.

But if these were all, the decree could be reformed in this court. The principal question is the sufficiency of the response to the allegations in appellee's answer. The answer admitted the legal title to be in the appellant, and that the purchase money had not been paid, but claimed that certain equities had arisen in favor of Watkins and himself, upon which title should be made to him upon the payment of one hundred dollars and interest, which he was ready to pay. Upon thus conceding the appellant's legal rights the appellee desired to change the forum to equity, wherein he might assert his claim, and in so doing he assumed the burden of establishing his own rights, and to that end he alleged the sale, etc., as above stated, and the appellant became the respondent, and that response admitted the sale to Watkins and averred that no part of the purchase money had been paid; that one hundred dollars was not the sole consideration for the lot; that seventeen or eighteen hundred dollars then due, in addition thereto, was to be paid, and that it was expressly understood that no title was to be made until the whole amount was paid, and with that understanding and agreement Watkins put the improvements on the lot, and that appellant in no way relinquished his right or claim upon the property, but always claimed the same, and the appellee knew all the facts at and before his purchase from Watkins.

It seems to us if these allegations be true—and upon demurrer they must be treated as facts—the appellant had a right to recover.

It is true that a litigant is often estopped, in equity, from establishing a claim upon a bare legal title to lands, whereon very valuable improvements have been made by another with his knowledge and consent, or wherein the parties labored under a mistake as to their legal rights, for it is unjust and inequitable for him, who knows his own legal title, to stand by and see an innocent and mistaken holder expend large amounts of capital and labor without notifying him of the outstanding claim.

But if the response, in this case, be true there is no such inequitable circumstances.    If Watkins actually owed the appellant seventeen hundred dollars, and agreed to go upon this lot without title until that debt, and one hundred dollars in addition thereto was paid, and in the meantime to put several hundred dollars worth of improvements thereon, it was but a mode of securing the appellant, to that extent, in what was justly due him.

The replication was a sufficient response to the allegations in the answer, and the demurrer should have been overruled.

The decree is reversed and the cause remanded with directions to overrule the demurrer and proceed to a final hearing, not inconsistent with this opinion.