ALEXANDER *v.* MASON.

4-9030 225 S. W. 2d 680

Opinion delivered January 9, 1950.

*L. B. Smead* and *J. Bruce Streett,* for appellants.

*O. E. Westfall* and *R. K. Mason,* for appellees.

DUNAWAY, J. This appeal comes from a decree quieting title to a tract of land in Calhoun County in appellees,

who are the widow and children of one Dr. E. L. Hathcock, deceased. Appellants, L. R. Alexander and his wife, went into possession of the land in litigation under a contract for sale and bond for title executed by Dr. Hathcock. Copy of contract for sale and bond for title, dated May 19, 1932, was made a part of appellees' complaint, in which they alleged that appellants were in possession of the land in question, and that an indebtedness was owing under said contract in the sum of $1,775.48 plus interest at ten per cent. from May 19, 1932. Appellees prayed judgment for this amount, and asked that said judgment be decreed a lien upon the lands and that the lien be foreclosed and the lands sold.

It is undisputed that appellants went into possession of the lands involved under a contract with Dr. Hathcock. There is a conflict as to whether the 1932 contract alleged by appellees was the original contract, or whether an earlier contract had been entered into in 1922 between the Alexanders and Dr. Hathcock. Appellants claim their possession started in 1922, but that the original bond for title was lost in a fire which destroyed their home on this property in 1934. The amount of the indebtedness now due under the contract of sale is also in dispute.

The Chancellor found that the contract of May 19, 1932, was a novation of any prior agreements between Dr. Hathcock and the Alexanders; that the Alexanders had remained in possession of the lands in question since the execution of the 1932 contract, but that they had forfeited their right to purchase said lands and are now in possession merely as tenants. The Court decreed cancellation of the contract of sale as a cloud on appellees' title, and quieted title to said lands in appellees.

Appellants admit that they are indebted to appellees, and that appellees are entitled to a judgment for the amount of the indebtedness and interest now owing and to foreclosure of the lien therefor if the debt is not paid within a reasonable time to be fixed by the court. They contend, however, that the Chancellor erred in

decreeing cancellation of the contract of sale and quieting title in appellees without first determining the amount of indebtedness due and giving appellants an opportunity to satisfy this indebtedness.

Appellants' contention is correct. As stated in the recent case of *Weaver* v. *Gilbert,* 214 Ark. 800, at p. 804, 218 S. W. 2d 353: "Since the early decision of *Smith* v. *Robinson,* 13 Ark. 533, this court has consistently held that the legal effect of the execution of a bond for title is to create the relationship of mortgagee and mortgagor between the vendor and vendee." And quoting from the opinion in *Higgs* v. *Smith,* 100 Ark. 543, 140 S. W. 990, we further said in the Weaver case: "It has also been uniformly held that the remedies of the vendor, after failure of the vendee to pay in accordance with the stipulation of the contract, are to proceed at law for recovery of the debt, or to sue to recover possession for the purpose of collecting rents and profits, or to proceed by a bill in equity to foreclose the equity of redemption and sell the lands for the payment of the debt, and also that the vendee has the right to proceed by bill in equity to redeem." The earlier authorities are fully cited in the Weaver case and in *Williams* v. *Baker,* 207 Ark. 731, 182 S. W. 2d 753.

It follows that the Chancellor erred in cancelling the contract of sale and in quieting title in appellees. The decree is reversed in part and the cause is therefore remanded for the court to determine the amount of appellants' indebtedness, which will be a lien upon the lands in question, to be foreclosed if not paid within a reasonable time to be fixed by the chancery court. The decree is in other things affirmed. Appellees will pay the costs of this appeal.