ALEXANDER v. MASON.

4-9323                                    234 S. W. 2d 511

Opinion delivered December 11, 1950.

*L. B. Smead, J. Bruce Streett* and *C. Stanford Harrell,* for appellant.

*O. E. Westfall* and *R. K. Mason,* for appellee.

LEFLAR, J. This is a second appeal, the case having been previously before us in *Alexander* v. *Mason,* 216 Ark. 367, 225 S. W. 2d 680. In that decision we reversed the decree originally entered, concluding that there was error in so much of it as cancelled appellees' contract to sell the land to appellants and quieted title in appellees. We held that appellants had the rights of purchasers under a bond for title, and our mandate directed the Chancery Court to determine the amount of appellants' indebtedness, same to be a lien on the lands to be foreclosed if the debt be not paid within a reasonable time to be fixed by that Court.

At the new trial the Chancellor found, on the appellants' own evidence, that the contract price of $1,775.48, owed under the 1932 contract for purchase of the land, remained altogether unpaid, and that the 10% contract rate of interest likewise remained altogether unpaid. The amount due was calculated at straight interest, not compounded, and after deducting certain costs payable by appellees was made a lien on the land to be foreclosed if not paid within 90 days. This appeal is on the grounds that the debt was barred by (1) the statute of limitations and (2) laches.

At the first trial the statute of limitations was expressly pleaded and was an issue in the case. The Chancellor found against appellants on the limitations plea, and on appeal we affirmed his decree except as to the

specific points of reversal. These did not include the statute of limitations issue. On it, we said: "Appellants admit that they are indebted to appellees, and that appellees are entitled to a judgment for the amount of the indebtedness and interest now owing and to fore-closure of the lien therefor if the debt is not paid within a reasonable time to be fixed by the Court." Our re-examination of the record and briefs filed in the first appeal shows that the quoted conclusion of this Court was entirely justified and correct.

It is not now possible for appellants to rely anew on their old plea of limitations. It is barred by our decision on the first appeal.

As to the plea of laches, the only evidence to sustain it is that appellants for seventeen years, from 1932 until this suit was initiated in 1949, occupied the land without paying rent or any portion of the purchase price or the interest thereon. "It is well settled that laches is not mere delay, but is delay that works disadvantage to another. So long as parties are in the same condition, the party claiming the right to the land may press his right at any time within the limits of the law. It is only when he takes no steps to enforce his right until the condition of the other party has in good faith become so changed that he cannot be restored to his former state, if the right be then enforced, that delay becomes inequi-table and operates as estoppel against the assertion of the right." *Jones* v. *Temple,* 126 Ark. 86, 93, 189 S. W. 847, 850. The only disadvantage asserted by appellants, by reason of the delay, is that they will be required to pay the interest which they contracted to pay, on the unpaid purchase price. That is not the kind of disadvan-tage that will sustain a finding of laches. There is no improper hardship in requiring appellants to pay the agreed price for the land, with the rate of interest which they contracted to pay, even though they have grown accustomed to an easier system by reason of paying nothing while they lived on the land for seventeen years.

The decree is affirmed.