McCLAIN *v.* ALEXANDER.

5-2678                                                    357 S. W. 2d 1

Opinion delivered May 14, 1962.

[Rehearing denied June 4, 1962]

*Thorp Thomas,* for appellant.

*J. B. Milham,* for appellee.

SAM ROBINSON, Associate Justice.   This is a suit by appellees, Robert M. Alexander and his wife, to cancel a contract for the sale of real estate to appellants, S. C. McClain and his wife. The trial court ordered the contract cancelled and possession of the property delivered to the Alexanders. The McClains have appealed.

In 1954 the Alexanders purchased the property involved from L. T. and Annie Miller for the sum of $2,500.00. In November, 1957, the Alexanders contracted to sell the property to the McClains. The consideration was the assumption by the McClains of the balance of $1,558.17 owed to the Millers, payable in monthly installments of $35.00, and payments to the Alexanders of the additional sum of $500.00, payable $25.00 monthly.

In February, 1961, apparently, the McClains had paid in full the $500.00 owed to the Alexanders, but owed not exceeding $381.00 on the indebtedness to the Millers. At that time the Alexanders contended that the McClains had breached the contract of purchase in several respects, and thereby declared as due the entire balance owed to the Millers. The Alexanders then proceeded to pay off the Miller indebtedness and on February 13, 1961, obtained a Warranty Deed to the property from Annie Miller (widow of L. T. Miller).

Under the terms of the contract with the McClains the Alexanders were obligated to furnish an abstract of title upon the payment of the purchase price. On February 16, 1961, Mr. Thorp Thomas, attorney for the McClains, wrote to Mr. Alexander as follows: "Please be advised that I am the attorney for Mrs. Ruby McClain and in such capacity she brought me a contract entered into by you and your wife and she and her husband, wherein you agreed to convey certain piece of property in Saline County, where Mr. and Mrs. McClain now live. She further tells me that you have demanded that she pay the full purchase price at this time. Therefore, pursuant to the contract, we ask that you deliver a warranty deed to Mr. and Mrs. McClain and an abstract to Mr. Ben McCray, and he will in turn examine the abstract and will pay you the balance due you under the contract." Instead of delivering the abstract and deed as requested, the Alexanders, two days later, filed this suit to cancel the contract.

True, the contract provides that time is of the essence, but when the seller elected to accelerate the payments, the buyer did not protest or refuse payment; he

merely asked that the deed and abstract be delivered to a lawyer's office where the abstract could be examined and payment would be made. This was a reasonable request and in no way violated any provision of the contract. The object and function of an abstract of title is to enable the purchaser to ascertain the condition of the title and to facilitate a further examination of the records if desired. 1 CJS 381

Here, the sellers agreed to deliver to the buyers a deed covenanting that they had not in any manner encumbered the property, and that they would warrant and defend the title against all claims whatever done by them. Certainly the buyer should have a reasonable time to examine the abstract to determine if he was getting the kind of title he was entitled to receive. *Drury* v. *Mickelberry*, (Mo.) 129 S. W. 237. In 52 A. L. R. 1482, it is said: "The general rule is that the abstract should be furnished for examination within a reasonable time before the date fixed for performance of the contract by the vendee, in order to give him an opportunity to examine it before performing the contract." See also 55 Am. Jur. 732.

As heretofore pointed out, when the seller accelerated the payments owed under the terms of the contract, the buyer merely requested that the abstract be delivered to a lawyer's office so that it could be examined to determine the condition of the title, and payment would be made. In these circumstances the trial court erred in ordering that the contract be cancelled.

Reversed with directions to enter a decree consistent herewith.